980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Eugene F. MCGUIRE, Appellant,
v.
Lt. Alan HIGLEY; Geri Bowhay; Russell Schuster, US1 R.;
Monte Vance, US1; Dawn Rong, R.N., Appellees.
 No. 92-2524.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 7, 1992.
Filed: December 10, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eugene McGuire, a Nebraska state inmate, appeals the district court's[1] grant of summary judgment for the defendant prison officials and medical personnel in McGuire's 42 U.S.C. § 1983 action. McGuire claimed defendants acted with deliberate indifference to his serious medical need after he injured his leg during recreation on the evening of June 11, 1990. We review the matter de novo and affirm.
 
 
 2
 McGuire argues that his affidavit asserting that defendant Higley was called on June 11 and ordered a guard to return McGuire to his housing unit-and Higley's denial of the incident in his affidavit-created a material factual dispute.
 
 
 3
 Although we agree with McGuire that his affidavit did refute Higley's affidavit, we conclude the factual dispute is immaterial. Even taking McGuire's assertion as true, the actions of Higley, as well as those of the other defendants, did not amount to deliberate indifference. The medical records and affidavits establish that McGuire received pain medication and a heating pad the night of his injury. Even if McGuire is correct that heat should not have been applied to his leg immediately after his injury and that he should not have been told to walk off the soreness the following day, negligence does not amount to a constitutional violation "merely because the victim is a prisoner." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). McGuire admits that by June 15, his pain had subsided and he could walk without the crutches provided to him two days earlier. Taking the facts in the light most favorable to him, we conclude that he has not established deliberate indifference.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska